

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS. 02-10-00176-CR
### 02-10-00177-CR
### 02-10-00178-CR

JESSE THOMAS DICKSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Jesse Thomas Dickson challenges the sufficiency of the evidence to support his three convictions for robbery by threats. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).[2]

## Applicable Facts

Abhishek Devkota, an employee of Allison's Food Store on Isbell Road in Fort Worth, testified that on August 1, 2009, a man wearing a plastic bag on his head came into the store. The man showed Devkota a black gun that he was holding under a newspaper, and he ordered Devkota to give him money. The man said, "I have a gun, you better hand money to me or something won't be right." Devkota gave the man "[e]verything [he] had on the counter." The man also took some cigarettes and Devkota's cell phone. Devkota was scared and feared for his life. Two or three days later, police showed Devkota a photo array;

---

[2]Appellant challenges only the factual sufficiency of the evidence. But after appellant filed his brief, the court of criminal appeals overruled cases that allowed a factual sufficiency review and held that there is "no meaningful distinction between the . . . legal-sufficiency standard and the . . . factual-sufficiency standard." *Brooks v. State*, 323 S.W.3d 893, 901 (Tex. Crim. App. 2010). Thus, the *Jackson* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. All other cases to the contrary . . . are overruled." *Id*. at 912. Accordingly, we apply the *Jackson* standard of review to appellant's sufficiency issue.

he selected appellant's picture from the array, saying that he was seventy to eighty percent sure it was the person who had robbed him. Devkota could not identify appellant at trial.

Phary Kun, the daughter of the owners of Clear Fork Liquor on River Oaks Boulevard in Fort Worth, testified that on August 3, 2009, a man came into the store wearing a white plastic grocery bag on his head; he ordered Kun to give him all the store's money. Kun noticed that the man had a gun and newspaper in his left hand when he walked into the store. She could see that the gun was black. Although the gun looked fake, she did not know what a real gun looked like. The man was "just holding it and waving it around" in her direction. Kun was scared for herself and her cousins, who were also in the store at the time. The man saw two of the cousins looking at him and said, "Don't look at me and nobody will get hurt." The cousins were scared as well. Kun testified that the man was wearing a black shirt with red lettering on it. Kun gave the man a handful of bills, and he left. She identified appellant at trial as the man who had robbed her.

Say Krouch, the owner of Millennium Liquor on Jacksboro Highway in Samson Park, testified that on August 6, 2009, a man with a bag on his head came into his store, pulled out a black gun, pointed it at him, and ordered him to put money from the cash register into a bag. The man said, "Don't make me use this gun." Krouch gave the man about $300. Krouch tried to follow the man out, but the man turned around and said, "Don't look at me, don't make me use this."

3

Krouch was nervous and scared for his life. He identified appellant in a photo array after the robbery and also at trial.

On August 7, 2009, River Oaks Police Officer Dusty Moren stopped a man with the robber's description walking in River Oaks. The man was nervous and had a plastic bag with some clothing in it, including a dark shirt. Officer Moren identified appellant in court as the man he stopped that day.

Sansom Park Officer Thomas Milner interviewed appellant that day in his office at the police department. He noticed that appellant had a hole in the jeans he was wearing that was in the same location as a hole in the jeans the robber in the surveillance video at Millennium Liquor had been wearing. Additionally, Officer Milner noticed a tattoo on appellant's arm; the video showed something white on the same part of the robber's arm that appeared to be a bandage. Appellant did not confess to Officer Milner, who let him go after the interview. However, the next day, Detective David Hobbs from the Fort Worth Police Department called Officer Milner and told him to check the trash can in his office. Officer Milner found a plastic gun there.

After Officer Milner interviewed appellant, Fort Worth police subsequently obtained an arrest warrant for appellant. Near where they found him, the police also found a T-shirt and other clothing that appellant said belonged to him. The T-shirt had red lettering on it and appeared to be the same shirt worn by the robber during the Clear Fork robbery.

4

Detective Hobbs testified that he investigated the three robberies and began to suspect appellant based on independent identifications by Devkota and one of Kun's cousins who witnessed the Clear Fork robbery as well as videotape surveillance from the stores. Fort Worth police arrested appellant, and Detective Hobbs read appellant his *Miranda* rights before interviewing him. Appellant consented to the interview without the presence of an attorney and without invoking his right to remain silent. Detective Hobbs recorded appellant's interview; the trial court admitted the interview without objection from appellant and played it for the jury.

In the interview, appellant admitted taking $62.00 from the clerk at Allison's Food Store; however, in response to a false scenario proposed by Detective Hobbs, appellant said he returned the money and that it was part of an insurance fraud scheme with the clerk, who told appellant that he was the owner. Appellant also admitted taking money in an unspecified amount from the clerk at Clear Fork Liquor Store and from the Sansom Park store (Millennium). According to appellant, he only committed the second and third robberies to call attention to himself so that police would clear his girlfriend of a weapons charge she had been convicted of; according to appellant, the gun she was charged with possessing belonged to him, not her, and she was wrongfully convicted. Appellant admitted using a toy pistol during the Clear Fork robbery.

According to Detective Hobbs, Allison's reported that the robber stole $190, and Clear Fork reported that the robber stole $730.

5

Additionally, the surveillance videotapes from each store were admitted and viewed by the jury.

**Analysis**

Appellant claims the evidence is insufficient because there is no evidence of a matching description or eyewitness account to prove his identity beyond a reasonable doubt. Appellant claims that no witness could positively identify him and that the image caught on the videotape, which the State alleged was him, was unclear. He acknowledges that his confession was admitted but makes no argument explaining why the confession would not be sufficient.

The elements of robbery by threats are that a person (1) in the course of committing theft (2) with intent to obtain and maintain control of property (3) intentionally or knowingly (4) threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a)(2) (Vernon 2003). Theft is defined as the unlawful appropriation of property with intent to deprive the owner of that property. *Id*. § 31.03(a) (Vernon Supp. 2010).

The jury was entitled to believe or disbelieve the identifications made at trial by Kun and Krouch and to resolve whether the image on the surveillance tapes was that of appellant. Moreover, appellant admitted that he took money at all three stores even though he said that he did not intend to deprive the Allison's owner of property because he thought the clerk was the owner. The eyewitnesses testified that appellant used what appeared to be a gun and

6

verbally threatened them, making them feel scared for their lives.[3]  Based on the above, we conclude and hold that the evidence is sufficient to support all three convictions.

We overrule appellant's sole issue and affirm the trial court's judgments.


TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 3, 2011

---

[3]One of the officers testified that from a side angle, the gun was indistinguishable from a real weapon.